IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE DORSEY,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-0840 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **WARDEN JONATHAN MINOR,** | : | |
| | : | |
| Respondent | : | |

# **M E M O R A N D U M**

## I.   Introduction

Bruce Dorsey, a federal prisoner incarcerated at the Allenwood United States Penitentiary (Allenwood) in White Deer, Pennsylvania, commenced this action *pro se* with a petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  Respondent is Allenwood Warden Jonathan Minor.  Petitioner is challenging his parole review by the Federal Parole Commission (the "Commission").  For the reasons set forth, the petition will be summarily dismissed.

**II.     Background**[1]

Petitioner states that on August 3, 1989, following an "*Alford Plea*" (Doc. 1 at 1), he was convicted of second degree murder while armed, in violation of District Columbia Code 22-2404, 22-3202.  As a result of the conviction, on August 3, 1990, he was sentenced by the District of Columbia Superior Court to a term of ten years to life.  (*Id*.)  The District of Columbia Parole Board (the "D.C. Board") held Petitioner's initial parole hearing in 1995.  The D.C. Board denied parole on June 15, 1995, citing Petitioner's "need for program and rehabilitative services to minimize risk to the community, when actually released on parole" as a basis for its decision, and ordered a rehearing date of January 28, 1999.

Petitioner was subsequently transferred to the jurisdiction of the Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997.[2]  On March 30, 1999, the Commission conducted a rehearing for

---

[1] Unless otherwise noted, the facts are extracted from Petitioner's prior habeas action, *Dorsey v. U.S. Parole Comm.*, No. 1:CV-05-1300 slip op. (M.D.Pa. July 19, 2005) (Rambo, J.)

[2] On August 5, 1998, the Commission assumed the responsibility of making parole-release decisions for all eligible District of Columbia Code felons, pursuant to 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, and D.C. Code Ann. § 24-209. Effective August 5, 2000, pursuant to section 11231(a)(2) of the Act, the Commission assumed the remaining powers, duties and jurisdiction of the former D.C. Board of Parole regarding the supervision of parolees and the revocation of parole.  *See* D.C. Code Ann. § 24-131(a)(2) (formerly section 24-1231(a)(2).)  Therefore, while it was the D.C. Board that conducted the initial review, the Commission conducted the rehearing.

Petitioner, and denied parole even though his grid score indicated that he would be eligible for parole. The Commission concluded that departure was warranted because he was deemed to be a more serious risk than indicated by his base point score based upon the nature of his offense.

The Commission conducted a subsequent hearing for Petitioner on April 24, 2002, and again denied parole based upon the same factors as the prior rehearing. A subsequent rehearing was scheduled for April, 2005. Petitioner appeared for a further parole hearing on March 29, 2005. Again, Petitioner's grid score was zero, indicating that parole should be granted. After interviewing Petitioner, the examiner recommended that parole be granted, with an effective parole date of November 25, 2005. Nevertheless, parole was denied with a rehearing set for March of 2007.

In the instant petition, Petitioner is challenging denial of parole, claiming that the standard applied by the Commission violates the Ex Post Facto Clause and the Due Process Clause of the United States Constitution. For the following reasons, the petition will be dismissed.

### III. Discussion

Habeas corpus petitions brought under § 2241 are subject to the Rules Governing § 2254 cases in the United States District Courts, 28 U.S.C. foll. § 2254

3

(1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Under Rule 9, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

There is no doubt that this is a second or successive petition which falls within the scope of Rule 9.  Petitioner's instant challenge to his parole denial at his latest hearing of March 29, 2005, has been denied previously by this court.  *See Dorsey v. U.S. Parole Comm.*, No. 1:CV-05-1300 slip op. (M.D. Pa. July 19, 2005) (Rambo, J.)  Since this is a successive petition, and Petitioner has not sought the requisite authority from the United States Court of Appeals for the Third Circuit to file this petition, the petition will be summarily dismissed pursuant to the provisions of Rule 4 and Rule 9 of the Rules applicable to § 2254 habeas petitions.[3]

---

[3]The court also notes that the guidelines are not laws subject to Ex Post Facto analysis. *Johnson v. United States*, 529 U.S. 694 (2000).

**IV.** **Conclusion**

    In accordance with the foregoing discussion, Petitioner's habeas corpus petition will be denied.  An appropriate order will issue.

                                  s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated:  June 14, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE DORSEY,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-06-0840 |
| v. | : | (Judge Rambo) |
| **WARDEN JONATHAN MINOR,** | : | |
| Respondent | : | |

# O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) The petition for a writ of habeas corpus (Doc. 1) is **DISMISSED**, without prejudice to any right Petitioner may have to move the appropriate court of appeals for an order authorizing the district court to consider a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3) and (4).

2) The Clerk of Court is directed to close this case.

                                                       s/Sylvia H. Rambo
                                                       SYLVIA H. RAMBO
                                                       United States District Judge

Dated:  June 14, 2006.